EDWARD J. LARSON, Appellant, v. JOHN A. CLOUGH and Allis E. Clough, His Wife, First State Bank of Velva, a Corporation, The Farm Mortgage Loan & Trust Company, a Corporation of the City of Carrington, N. D., Anfin Odland and David Humbird, Thomas J. Humbird, and William N. Farnham, Trustees of the Will of Jacob Humbird, Deceased, Respondents.

(53 A.L.R. —, 214 N. W. 904.)

**Taxation — notice of expiration of redemption period from tax sale served on record title holder, held sufficient.**

Service of the notice of expiration of the period of redemption from a tax

---

Annotation.— (1)	As to who is entitled to notice to redeem from tax sale, see annotation in 44 L.R.A. (N.S.) 666; 26 R. C. L. 432, 433.

sale was made upon the record title holder, who was in possession, although there was outstanding an unrecorded sheriff's deed of the land upon foreclosure of a mortgage by advertisement, which divested the person so served of actual title to the land. *Held*, that under § 2223, Code 1913, as amended, which requires such notice to be served "personally on the owner, if known to be a resident of the state," the service made, under the facts of this case, was compliance with the statute and valid.

Opinion filed August 7, 1927. Rehearing denied August 18, 1927.

Taxation, 37 Cyc. p. 1397 n. 94.

Appeal from a decree of the District Court of McHenry County, *Burr, J.*

Reversed.

*Albert Weber,* for appellant.

*Horace Bagley* and *McGee & Goss,* for respondents.

WOLFE, Dist. J. Action by Edward J. Larson, plaintiff, against John A. Clough, Allis E. Clough, First State Bank of Velva, the Farm Mortgage Loan & Trust Co., Anfin Odland and others, defendants, to determine adverse claims to a described quarter section of land in McHenry county. The plaintiff claims title as the grantee of one C. F. Clarke, whose source of title is a tax deed, regular on its face, based on a tax sale for the taxes of the year 1919, dated March 25th, 1925, recorded April 11th, 1925. On the trial, plaintiff introduced the tax deed running to Clarke, as grantee, the quit claim deed from Clarke, running to plaintiff, as grantee, and rested. On this appeal, no defect is claimed to be shown in the assessment of the taxes, the tax sale, the certificate of tax sale, or the form of the tax deed.

The defendants John A. Clough, Allis E. Clough, and Anfin Odland did not answer and have not appealed. The other defendants answered setting up claims affecting title to the land as follows: First State Bank of Velva, a mortgage lien; the trustees under the will of Jacob Humbird, deceased, a mortgage lien; the Farm Mortgage Loan & Trust Company, of Carrington, North Dakota, title in itself by the foreclosure of a mortgage and a sheriff's deed thereunder. No question is raised as to the regularity or validity of these claims except that the plaintiff says they are all cut out by the tax deed through

which he deraigns his asserted title. All these answering defendants claim that the tax deed issued to plaintiff's grantor, Clarke, is void because, before it was issued, the notice of expiration of the period of redemption from the tax sale, which the law requires the county auditor to issue and deliver to the sheriff for service upon the "owner," was not in fact so served. The trial court decided that, while such a notice was regularly issued by the auditor and delivered to the sheriff for service, it was not served upon the "owner," within the terms of the statute, but upon a person not such owner; that, therefore, the tax deed was void, although the taxes and prior proceedings were valid, and that court decreed that the plaintiff had a valid first lien on the land for such taxes, superior to the claims of all the defendants, giving such defendants the right to redeem the lands. The plaintiff has appealed from such decree and assigns as error, among others, that it was error to hold such tax deed void and to grant relief, as was done. The sole question, here, is, "Was the tax deed valid, or void, because of the manner of service of the notice of expiration of the period of redemption?"

The short, relevant facts are: John A. Clough formerly owned the land; before the taxes on which the tax deed involved is based were levied, he mortgaged it, first, to Jacob Humbird, for $5,000; second, to the Farm Mortgage Loan & Trust Co., for about $2,500. As the crucial question in the case is based upon this latter mortgage and its foreclosure, none of the other interests in the land are material. This second mortgage was foreclosed, the lands bid in by the mortgagee and a sheriff's certificate of sale issued, dated December 31st, 1921, which was recorded the same day in Book 160 of Mortgages, at page 111. No redemption was made from this sale and on May 5th, 1923, a sheriff's deed issued thereon, which deed had not been recorded at the time of the trial. The sheriff who issued this deed is the same person as the sheriff who served the notice of expiration of redemption from tax sale, here involved.

The former owner, Clough, remained in possession of the farm until after the issuance of the tax deed. The land was regularly assessed for taxes in 1919, they were not paid, the land was regularly sold at the 1920 tax sale to C. F. Clarke, a certificate of such sale was duly issued to him; no redemption was ever made from such sale, subse-

quent taxes were paid by the purchaser and in the fall of 1924, he surrendered his certificate and applied for a tax deed. The county auditor issued a notice of expiration of the period of redemption from such sale, which notice is not assailed, and he delivered it to the sheriff for service. The sheriff personally served the notice on John A. Clough, the then record owner of the land and the person then in possession of it. There being no redemption, at the expiration of the time specified in the notice, a tax deed regular upon its face was issued to Clarke and recorded. Clarke then, by deed sufficient in form, conveyed the land to the plaintiff, whose deed was, also, recorded. The plaintiff then brought this action; the Farm Mortgage Loan & Trust Co., with other defendants, answered, denying plaintiff's asserted ownership, claiming ownership under its unrecorded sheriff's deed on foreclosure of its mortgage and claiming that the tax deed to Clarke, on which the plaintiff relies in his chain of title, was void because the notice of expiration from tax sale was served on Clough, who was not the true owner of the land, and that it was the duty of the sheriff to have served that notice on it, instead of on Clough. The sheriff certifies that he duly served the notice "on John A. Clough, the owner." Appellants say this is not true, because, while Clough was still the owner, of record, his title had been divested by the issuance of the sheriff's deed and vested in the Farm Mortgage Loan & Trust Co., and that the sheriff was bound to know that fact, because he issued the sheriff's deed more than a year before. There is no other evidence in the record as to any actual knowledge of these facts on the part of the sheriff.

The pertinent statute is § 2223, Comp. Laws 1913, which, so far as applicable here provides: "Every person holding a tax certificate shall at least ninety days before the expiration of the time for redemption of the lands therein described, present such certificate to the county auditor and thereupon the auditor shall prepare, under his hand and official seal, a notice to the person in whose name such lands are assessed, specifying the description of such lands, the amount for which the same were sold, the amount required to redeem such land from sale, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire, which notice the auditor shall cause to be delivered to the sheriff or his deputy who shall serve it personally upon the owner, if known to be a resident of the state."

At the outset, it may simplify matters by stating that the question whether or not service of the notice of expiration of redemption, if made upon the Farm Mortgage Loan & Trust Co., the claimed actual owner of the fee, though not the record owner, would have satisfied the statute and validated the tax deed, is neither involved, nor decided, although mentioned illustratively on the argument.

When Clarke delivered the tax certificate to the county auditor, he had done all that the statute required of him. With that delivery, the duty to make a proper notice and deliver it to the sheriff for service devolved upon the auditor. It then became the duty of the sheriff to serve that notice personally on the owner, "if known to be a resident of the state." The delimitation of the sheriff's "duty" in that regard and the legislative meaning to be attached to the word "owner" as used in this statute are the ultimate questions to be determined.

The trial court found as a fact that the sheriff was bound to know, and did know, because he issued the sheriff's deed mentioned, that Clough, the record owner, was not the real owner, and that it was the duty of the sheriff to serve the notice on the grantee in the sheriff's deed, the Farm Mortgage Loan and Trust Co., failure thereof invalidating the tax deed. It is neither shown nor claimed that the sheriff had actual notice of the state of the title. Unless he is to be conclusively charged with notice thereof from the facts that he issued the certificate of mortgage sale, which was recorded, and also issued the sheriff's deed, which was not recorded, this finding has no support in the evidence. In other words, the sheriff must be charged with constructive notice of the contents of the sheriff's deed, because he issued it some eighteen months before the notice came to his hands for service. Our attention has been called to no law, and we know of none, requiring the sheriff to make any record which can possibly be called a "public record" in cases of mortgage foreclosure on real property, except to issue and deliver his certificates of sale and his deeds in case no redemption is made from the sale. Such fee books, dockets or other case histories as he may keep are not public records of which the world, or the sheriff, is bound to take notice. The foreclosure here involved was by advertisement, not by action. In such cases, the sheriff acts as the agent of the mortgagee to make the sale and execute a certificate of sale and deliver it to the purchaser, and to execute a deed to

complete the sale, if no redemption be made, and to deliver that deed to the purchaser. With that, his agency ends. The record he is required to make, he makes for his principal, and where, as in this case, the mortgagee buys in the land, he delivers that record to his principal. The statutes provide how the mortgagee may, then, make a "public record" of what he has done through the sheriff, by recording the "record" made by his agent, in the office of the register of deeds, and, when that is done, a "public record" is made, of which the world, including the sheriff, must take notice. When that is not done, there is no public record constructively charging the sheriff or anyone else with notice of its existence or its effect. The finding of the trial court that the sheriff was bound to know and did know of the existence of this sheriff's deed and that it vested title in the Farm Mortgage Loan & Trust Co., and that such title remained there when the sheriff served the notice of expiration of redemption from the tax sale, is entirely without support in the evidence.

But the respondents say that the sheriff had actual notice of these things implied to him because of his connection with the mortgage sale, the fact that his certificate of sale was recorded, that it was his duty to consult that record and, if he did so, it would inevitably point to the probable existence of a sheriff's deed and suggest to him that he consult such memoranda as he might have in his own office in relation to it; and that would disclose to him the existence of the deed, the name and address of the grantee and the fact that it was the "owner" of the land and known to be a resident of the state. Assuming, without deciding, that such duty was imposed on the sheriff and he performed it, the ultimate fact which would be brought to his notice would be that a year and a half before, he had issued such deed and delivered it to the grantee, who resided at Carrington in Foster county. Would it then be his official duty to go to Carrington to ascertain whether that grantee still held the deed, or whether it may have conveyed it by an unrecorded deed, and to take its extrajudicial statement for these things? We think not. This statute does not require that the sheriff, for his own protection, shall become an expert investigator of titles, or that he shall, in such matters, take the simple word of anyone for anything. The implied notice to the sheriff, even if as claimed, would fail at the crucial point of bringing to him knowledge

of the actual ownership of the land, in this case, even if it led him directly to the sheriff's deed, itself. So, whatever may be the effect of actual knowledge of ownership in other cases, by the sheriff, there is nothing in this record justifying a court to hold that it was his duty, under this statute, to serve the notice of expiration of redemption from the tax sale, on the Farm Mortgage Loan & Trust Co.

His service of such notice upon Clough, the record owner, in possession, was, under the facts of this case, compliance with the statute. First Nat. Bank v. Mohall State Bank, 53 N. D. 319, 206 N. W. 411. This being so, the tax deed was valid as against the attack here made upon it. It cut the title from under the mortgages given by Clough upon the land, and vested that title in Clarke, who conveyed it to plaintiff.

The decree appealed from must be reversed, with directions to the trial court to enter a decree for the plaintiff as demanded in his complaint.

BIRDZELL, Ch. J., and BURKE, NUESSLE, and CHRISTIANSON, JJ., concur.

BURR, J., being disqualified, did not participate; Honorable CHAS. E. WOLFE, Judge of the Third Judicial District, sitting in his stead.