[File No. 6890.]

MARY AXT, Respondent, v. BANK OF AMERICA, a Foreign Corporation, as Executor of Mabel Hall Emery Estate; Roy M. Baker, Edna Trenchard, Edith N. Duncan, H. R. Nicholson, Eugene Helland, Justin L. Helland, Ruth Percy, Edna Campbell, Gladys Sanders; Sheridan County, a Municipal Corporation, and All Other Persons Unknown, Claiming Any Estate or Interest in, or Lien, or Encumbrance upon the Property Described in the Complaint, and Roy M. Baker, Edith N. Duncan, H. R. Nicholson, Eugene Helland, Ruth Percy. Edna Campbell and Gladys Sanders, Appellants.

(10 NW(2d) 430)

Opinion filed June 22, 1943.   Rehearing denied July 10, 1943.

*Irving D. Gibson (Williams & Lindell, of Counsel), for appellants.*
*Peter A. Winter, for respondent.*

MORRIS, Ch. J.   This is an action to quiet title to a quarter section of land in Sheridan county.   The defendants, Roy M. Baker, Edith N. Duncan, H. R. Nicholson, Eugene Helland, Ruth Percy, Edna Campbell and Gladys Sanders, appeal from a judgment of the district court quieting title in the plaintiff.   The case is here for trial de novo.   The complaint sets forth a cause of action for the determination of adverse claims to real property and complies substantially with § 8147, 1925 Supplement to Compiled Laws which prescribes the statutory form of such pleadings.

Plaintiff's claim of title is based upon the following facts.   The land in question was sold at tax sale on December 10, 1935, and bid in by Sheridan county.   On November 14, 1939, the county assigned its certificate of tax sale to the plaintiff who applied to the county auditor for a tax deed.   The county auditor, on November 22, 1939, issued a notice of expiration of redemption.   The total amount required to redeem, exclusive of costs, was $84.93 which included subsequent taxes paid by the plaintiff.   No redemption was made.   A tax deed was issued to the plaintiff on March 18, 1940.

The appellants filed an answer denying generally the allegations of the complaint and specifically challenging the validity of the assignment

of the tax certificate from the county to the plaintiff and the sufficiency and legality of the notice of expiration of the period of redemption and the service thereof upon necessary parties. They pray for a dismissal of the action.

The plaintiff introduced her tax deed in evidence. It is regular on its face and therefore is prima facie evidence of the regularity of the proceedings that resulted in its issuance, including the service of the notice of expiration of redemption. ND Comp Laws 1913, § 2206; Twedt v. Hanson, 58 ND 571, 226 NW 615; Peterson v. Reishus, 66 ND 436, 266 NW 417, 105 ALR 724.

In support of their contention that the assignment of the certificate of sale from the county to the plaintiff was illegal, the appellants cite a provision in chap. 235, ND Session Laws 1939, which says: "All pieces or parcels of real property bid in for the county under the provisions of this chapter and not redeemed or assigned within three (3) years from the date of the certificate of sale or subsequent tax sale certificate, shall upon the giving of the required notice of expiration of period of redemption become the absolute property in fee of the county and the county auditor shall issue a tax deed therefor to the county in the same manner as to individual purchasers." The appellants would construe this language to prohibit the county from assigning a certificate of tax sale after three years from the date thereof. The construction contended for is not warranted. At the time the assignment in question was made the county was the owner of the certificate. It had not commenced proceedings under chapter 235, supra. It had acquired no title under the certificate and could acquire none until it had taken the steps prescribed by chap. 235 and the period of redemption had expired. Anderson v. Roberts, 71 ND 345, 1 NW(2d) 338.

Chapter 279, ND Session Laws 1935, provides that at any time after a tract of land has been bid in for the county and before it has become forfeited to the county, and while it remains unredeemed, the county auditor may assign all the rights of the county acquired at tax sale, to any person who pays the amount prescribed by the statute. This appears to have been done. The assignment was valid and the plaintiff acquired good title to the tax certificate.

At the time that the notice of expiration of period of redemption was

given, the plaintiff was owner of the tax certificate. The sufficiency of the notice and legality of the service thereof must be determined under the statutes applicable to tax certificates held by private individuals. Statutes pertaining to tax certificates held by the county have no application. Chapter 285, ND Session Laws 1931, provides that: "Every person holding a tax sale certificate may at any time after the expiration of the statutory period of redemption, and before the expiration of six years from the date of such tax sale certificate, present such certificate to the County Auditor and thereupon the Auditor shall prepare under his hand and seal, a notice to the person in whose name such lands are assessed, and to all mortgagees, or assignees of mortgagees holding unsatisfied recorded mortgages, specifying in such notice the description of such lands, the amount for which the same were sold, the amount required to redeem such lands from sale, exclusive of the costs to accrue upon such notice, and the time when the redemption period will expire, which notice the Auditor shall cause to be delivered to the Sheriff or his deputy who shall serve it personally, or cause it to be so served upon the owner, if known to be a resident of the State, but if the owner be a non-resident of the State, such notice shall be served by registered mail addressed to such owner at his last known postoffice address, and by the publication once in each week, for three consecutive weeks in some newspaper printed and published in the County where such lands are situated, and if no newspaper is published therein, then in some newspaper printed and published at the Capital of the State. In case the property covered by such certificate is occupied then such notice shall also be personally served upon the person in possession thereof. Proof of service of such notice must be filed in the office of the County Auditor and no deed shall issue until such proof has been duly filed."

The notice of expiration of redemption and Sheriff's Return thereon were introduced in evidence. We now examine these documents to determine their sufficiency under the statute. The notice is addressed to "F. H. Nicholson, Route 3, Box 135, Sacramento, California, Mabel Hall Emery (address unknown) and Farmers Trust Company, Fessenden, North Dakota." The notice recites that the land was assessed in the name of F. H. Nicholson for the year of 1934. The Sheriff's Return shows that he served the notice on David H. Axt whom he found

in possession of the property and further recites "That, at said County and State on the 22nd day of November, A.D. 1939, I served said notice upon F. H. Nicholson & Farmers Trust Co., the persons named therein and the persons upon whom said notice was intended to be served, they being a non-resident of the State of North Dakota, by then and there depositing a true and correct copy thereof in a sealed envelope with postage and registry fee thereon fully paid and addressed to each of said persons at the following addresses, to-wit: F. H. Nicholson, Route 3, Box 135, Sacramento, Calif. The Farmers Trust Company, Fessenden, North Dakota, said addresses being the last known post offices of each of said persons so named." It is conceded that the Farmers Trust Company of Fessenden has no interest in the property. Counsel for appellants asserts that Frances Hall Nicholson was the owner of the premises and that she died in 1935, and that her estate was probated in McLean county, North Dakota, and the land in question passed to Mabel Hall Emery by virtue of a decree of distribution issued by the county court of McLean county. It is also stated that Mabel Hall Emery died February 13, 1938, and that her estate was never probated in North Dakota. These facts are stated in letters of appellants' counsel received in evidence without objection. It does not appear that any of these facts were disclosed by the records of Sheridan county at the time notice of expiration of redemption was issued by the county auditor or that they are of record now.

Appellants argue that since Frances Hall Nicholson and Mabel Hall Emery were deceased at the time the notice was issued and there was no administrator or executor representing the estate of the latter in North Dakota that jurisdiction could not be obtained for the issuance of a tax deed to the property in question. This reasoning is fallacious. It would place upon the county auditor the burden of determining who was the actual owner or owners of property regardless of what the records in his office might show. The statute imposes on the auditor no such onerous obligation. It requires that the auditor prepare "a notice to the person in whose name such lands are assessed, and to all mortgagees, or assignees of mortgagees holding unsatisfied recorded mortgages." The notice issued by the county auditor of Sheridan county recites that the land was assessed in the name of F. H. Nicholson. There is no evi-

dence to indicate that this recital was untrue. The recital is prima facie correct and in the absence of evidence to the contrary we assume it to be true. The Sheriff's Return indicates that a copy of the notice was mailed to F. H. Nicholson at the last known post office address of such person.

Counsel for appellants challenges the sufficiency of the Sheriff's Return for failure to state that the envelope containing the notice was deposited in the U. S. Post Office. This defect in the return is not fatal in view of the fact that the return is accompanied by return receipt of the post office department showing that the notice arrived in Sacramento, California, on November 27, 1939. Thus, the mailing of a copy of the notice to F. H. Nicholson at the last known address of such person by registered mail is clearly established. The publication of the notice as required by the statute is not questioned. The notice of expiration of redemption complied with the statute. The service of the notice was sufficient. No redemption was made within the time prescribed by law. After the expiration of such time the county auditor issued a tax deed to the plaintiff. It is a valid deed and clothes the grantee with good title to the land. Baird v. Stubbins, 58 ND 351, 226 NW 529, 65 ALR 1009.

An action to quiet title is essentially an equitable action. Wagner v. Stroh, 70 ND 323, 294 NW 195. In view of the fact that equities are argued in the briefs we would point out that the judgment of the trial court is not inequitable. The record shows that the land is worth about $125. The tax deed was issued March 18, 1940. Prior to that time present counsel for the appellants had some correspondence with the auditor of Sheridan county. On January 10, 1940, counsel wrote the auditor stating that the notice of expiration of redemption had been referred to him as attorney for the successors of Mabel Hall Emery, deceased, and inquired as to the amount necessary to redeem. On January 15, 1940, the auditor advised counsel by letter that the amount then required would be $95.68. Later counsel again wrote the auditor advising him to draw a draft for $105.80 to cover redemption, costs and first instalment of 1939 taxes. The auditor drew such a draft on March 6, 1940, but payment thereof was refused. The tax deed was not issued until after the refusal of the draft. Thus it appears that the appellants

were given ample opportunity to redeem and that the value of the land is not greatly disproportionate to the amount that the plaintiff has paid in taxes and expenses. The judgment of the district court is affirmed.

CHRISTIANSON, BURR, NEUSSLE, and BURKE, JJ., concur.

MORRIS, Ch. J. (on petition for rehearing). Appellants have filed a petition for rehearing challenging the correctness of our decision determining that the notice of expiration of redemption and service thereof complied with the statute (ND Session Laws 1931, chap 285).

Appellants cite Wilke v. Merchants State Bank, 61 ND 351, 237 NW 810; Biberdorf v. Juhnke, 59 ND 1, 228 NW 233; Larson v. Clough, 55 ND 634, 214 NW 904, 54 ALR 752; and Hodgson v. Finance Co. 19 ND 139, 122 NW 336. It is asserted that our decision is inconsistent with these cases and that: "In each of the cited cases this Honorable Court held that the notice of expiration must be served upon the owner, as required by the statute (supra, § 2223). No reference is made to service upon the person to whom the land is assessed."

The notice of expiration of redemption issued by the county auditor, to which the sheriff's return is attached, recites that the land was assessed in the name of F. H. Nicholson. The correctness of this statement is not challenged. There is no evidence in the case before us that indicates any change of ownership of record in Sheridan county. Therefore, F. H. Nicholson was presumptively the owner of record at the time the notice was issued. The sheriff's return shows that the notice of expiration of the period of redemption was served on F. H. Nicholson in the manner prescribed by statute. It is asserted that one Frances Hall Nicholson owned the premises and that at the time the notice was issued she had died and other persons were the owners but it does not appear that either the county auditor or the sheriff had notice of any change in ownership, if in fact such change had occurred. This court in Larson v. Clough, 55 ND 634, 214 NW 904, 54 ALR 752, supra, in considering the statute now in question said: "This statute does not require that the sheriff, for his own protection, shall become an expert investigator of titles, or that he shall, in such matters, take the simple word of any one for anything."

In the case before us, service of the notice of expiration of redemption was made in the manner prescribed by statute upon F. H. Nicholson who was at that time presumptively the record title owner of the premises. Since nothing to the contrary is shown it appears that the statute has been complied with. There is no inconsistency between our decision herein and the cases cited. Rehearing denied.

CHRISTIANSON, BURR and BURKE, JJ., concur.

NUESSLE, J., concurs in the result.