Sonja Overbo HEFTY, Plaintiff and Respondent,

v.

Maude F. ALDRICH et al., Defendants,

and

Credit Bureau of Valley City, Inc., Defendant and Appellant.

Civ. No. 8837.

Supreme Court of North Dakota.

March 29, 1974.

As Modified on Denial of Rehearing June 27, 1974.

L. A. W. Stephan, Valley City, for plaintiff and respondent.

John T. Paulson, Valley City, for defendant and appellant.

VOGEL, Judge.

This is an action to quiet title. The plaintiff is the grantee in a quitclaim deed dated September 2, 1970, executed by Barnes County, North Dakota, which had obtained a tax deed to the property on October 2, 1968, for nonpayment of taxes.

The plaintiff commenced the action on November 6, 1970. One defendant, Credit Bureau of Valley City, Inc., the appellant, answered and alleged that it was a lienholder by reason of a judgment obtained prior to the issuance of the tax deed to Barnes County, and that it was not duly served with a notice of expiration of the period of redemption from the tax sale as required by law, and that the tax deed therefore was void.

The essential facts are not in dispute. Sig Overbo and his wife, Lilly Overbo, were the record owners in common of the property involved. The taxes on the property were not paid, and the tax deed was issued to Barnes County.

The judgment by which the Credit Bureau claims to have obtained its lien was entered on November 24, 1964, against Fred Schwartz and Lilly Matilda Schwartz and was docketed in the office of the clerk of court under the surname Schwartz. It was developed in the testimony that Sig Overbo and Lilly Overbo were divorced in 1958, and subsequently Lilly Overbo married Fred Schwartz. She died on June 15, 1967. The record title owners were Sig Overbo and Lilly Overbo. No claim is made that the statute was not complied with as to attempting service of notice of expiration of period of redemption upon them.

■ At the trial, the plaintiff, who happens to be a daughter of Lilly Overbo Schwartz, relied for her title upon the quitclaim deed from the County and upon the tax deed to the County. This tax deed is "prima facie evidence of the truth of all the facts therein recited and of the regularity of all the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed." Sec. 57–28–09, N.D.C.C.

There is nothing in the record of this case to rebut the prima facie evidence "of the regularity of all the proceedings from the assessment and valuation of the land by the assessor up to the execution of the deed" with the exception of the county auditor's uncontradicted testimony that the Credit Bureau was not served with notice of expiration of period of redemption. The defendant claimed that the tax deed proceedings were fatally defective only because the Credit Bureau, a judgment lienholder, was not duly served with notice of expiration of period of redemption and was entitled to such notice.

The testimony at the trial by the county auditor and the clerk of court was to the effect that the register of deeds had certified to the clerk of court that Sig Overbo and Lilly Overbo were the owners of record; that the clerk of court had found no judgment against them; and that the statutory requirements had been complied with.

The statute relating to service of notice of expiration of period of redemption is Section 57–28–04, N.D.C.C., which provides:

> "The county auditor shall serve the notice of the expiration of the period of redemption upon the owner of the record title of the real estate sold to the county for taxes, and upon each mortgagee, lien holder, and other person interested therein as may appear from the records of the register of deeds and the clerk of the district court of said county. . . ."

The statute then provides for the manner of service of the notice, and the duties of the county auditor in making such service. It also requires that the register of deeds and the clerk of the district court must furnish the auditor, within ten days after a request by the county auditor, a certified list giving the names and addresses of the persons in the classifications specified in the statute.

■ The records of the clerk of court are indexed according to the names of persons, not land descriptions. See subdivisions 4, 7, 8, and 9 of Section 11–17–01, N.D.C.C. There is no way to determine who has a judgment lien on any particular land from examination of records in the office of the clerk of court alone. Therefore, when the statute, 57–28–04, N.D.C.C., requires that notification of expiration of period of redemption be served "upon each . . . lien holder, . . . therein as may appear from the records of . . . the clerk of the district court . . . "

the intention must be that service be made upon each person who, according to the records of the clerk of court, has a judgment lien against any person who, according to the records of the register of deeds has an interest in the land in question. It necessarily follows, we believe, that it is the duty of the county auditor to request from the register of deeds a list of all persons (with addresses, if available) having an interest in the property and that this list, when completed, be sent to the office of the clerk of court so that the clerk of court can check the name indexes for the names and addresses of persons having liens against any of the persons having an interest of record in the property. The list compiled by the register of deeds of persons having an interest of record in the premises and the list compiled by the clerk of court of holders of liens against property owned by any of those persons must then be sent to the county auditor. (The foregoing discussion relates to judgment liens, not mechanic's liens, as to which the clerk of court will maintain a tract index pursuant to Section 35–27–12, N.D.C.C.)

An abstract of title was received in evidence. It showed the recording in the office of the register of deeds of a "HOMESTEAD STATEMENT" on October 31, 1966. The Credit Bureau claims that the recording of the homestead statement constituted actual notice of the interest of Lilly Schwartz in the property because of the recital in the homestead statement that "it appears that the said Lilly Schwartz (Title in the name of Sig and Lilly Overbo) Occupies a homestead, which she owns, and which is described as [description of the property in question]." The original homestead statement was not offered in evidence.

The trial judge determined that the plaintiff had proved a prima facie case which had not been rebutted by the showing at trial adduced by the Credit Bureau. The trial judge further found that the service by mail of the county auditor to all persons required to be served with notice as to the expiration of period of redemption under Section 57–28–04, N.D.C.C., had been properly made and that therefore the county auditor, the register of deeds, and the clerk of court had all fulfilled the duties imposed upon them by Section 57–28–04, N.D.C.C.

On the basis of the record made at the trial, we agree.

The third-party homestead statement was recorded pursuant to Section 50–24–15, N.D.C.C., which provides, in pertinent part, as follows:

" . . . When an application for old-age assistance, aid to the blind, or aid to the permanently and totally disabled is granted and it appears that the applicant occupies a homestead, which he owns, the state department shall cause to be recorded, in the office of the register of deeds of the county in which such homestead is located, a statement in writing to the effect that the owner of such homestead is receiving or is about to receive assistance payments. Such written statement shall be signed by the executive director of the state department. After the recording of such statement, any instrument of conveyance or encumbrance executed by such applicant for assistance without the approval of the state department shall be null and void. . . ."

A third-party statement recorded under this section does not constitute notice that an applicant for assistance has an interest in property for the reason that such a statement (1) contains no claim of an interest by the applicant; (2) creates no interest in the applicant under our homestead laws; and (3) reserves or excepts no interest in the applicant.

In Payne v. A. M. Fruh Co., 98 N.W.2d 27 (N.D.1959), in paragraph 2 of the syllabus, we said:

"2. Notice of expiration of the time for the redemption from the sale of

property at tax sale must be served upon all persons whose interests in the property will be extinguished by the expiration of redemption and are of record in the office of the register of deeds and clerk of court at the time the notice is given."

In the present case, the interest of Lilly Schwartz or Lilly Matilda Schwartz was nowhere evident in the office of the register of deeds in light of the fact that nothing was recorded therein which would be a presumptive claim to an interest by her or would constitute the creation of an interest in her. The recorded statement relied upon by the Credit Bureau does not constitute nor show a recorded interest in the subject premises as to the individual named, since it is neither a muniment of title as to the individual named nor a claim by an individual to an interest, but is merely a third-party statement unsupported by other documentary evidence. Nor is there anything in the third-party statement of the Public Welfare Board to link the identity of Lilly Schwartz or Lilly Matilda Schwartz with Lilly Overbo. See Patton on Titles, 2d Ed., Sec. 72.

■ It has been held by this court that the county officials concerned may rely on the records, and the statute does not place upon them the burden of otherwise ascertaining who is the actual owner of the property. Axt v. Bank of America, 72 N. D. 600, 10 N.W.2d 430, 432–433 (1943); Larson v. Clough, 55 N.D. 634, 214 N.W. 904, 54 A.L.R. 752 (1927).

■ The Credit Bureau also contends that the plaintiff, who is the daughter of Lilly Overbo, by her purchase of the property from Barnes County by quitclaim deed, became the trustee for the benefit of the Credit Bureau. This contention is based on the theory of law that one who owes a duty to pay taxes on property cannot, by omitting to do so, purchase at a sale of the property for the nonpayment, and thereby strengthen his title. Baird v. Fischer, 57 N.D. 167, 220 N.W. 892 (1928). It is readily apparent from the record in

this case that none of the elements required for the imposition of a trusteeship are present in this case. The plaintiff was under no obligation to pay the taxes on the property, and she was not attempting by the purchase to strengthen her title. Northwestern Mutual Savings & Loan Assn. v. Hanson, 72 N.D. 629, 10 N.W.2d 599 (1943).

After the evidence was closed, the court permitted the parties to submit briefs. The brief of the plaintiff contains, as attachments, copies of papers which would have been relevant exhibits at the trial, particularly including the "certified list" circulated by the county auditor to the register of deeds and the clerk of court. It discloses the fact, totally at variance with the evidence received at the trial, that the register of deeds had reported to the county auditor on the certified list, under the designation "owner," not only the names Sig Overbo and Lilly Overbo but also the words "homestead statement to Lilly Schwartz."

■ Although the trial court could have taken judicial notice of this new fact, it did not do so, nor was it asked to do so.

On September 24, 1971, the Credit Bureau filed with the court below a motion to amend and supplement the findings of fact, conclusions of law, and judgment, under Rules 52(b) and 60(b), N.D.R.Civ.P., with an alternative motion for a new trial, under Rule 59, N.D.R.Civ.P.

■ The motion to amend the findings of fact, conclusions of law, and judgment was clearly untimely, since Rule 52(b), N.D.R.Civ.P., requires that such a motion be made within ten days after notice of entry of judgment. The motion for a new trial was timely, since it was made on the 63d day after notice of entry of judgment, and Rule 59, N.D.R.Civ.P., allows such a motion to be made within 60 days, and Rule 6(e) allows three additional days where the notice is given by mail.

On October 1, 1971, the Credit Bureau filed a motion to reopen the case for the purpose of receiving certain documentary evidence, including the certificate referred to above, a copy of which had previously been submitted, attached to a post-trial brief. This motion apparently was made under Rule 60(b), N.D.R.Civ.P., which provides that a court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment." This motion was timely made.

As to the motion for new trial, the trial court held that the only possible grounds for a new trial were subdivisions (6) and (7) of Rule 59(b), permitting new trials for insufficiency of the evidence to justify the decision, or that it is against law, and errors in law occurring at the trial and, when required, excepted to by the party making the application. As the court pointed out, there were no errors in law objected to at the trial which involved any substantial error in rulings, and the evidence presented at the trial was sufficient to justify the decision. Our discussion above of the effect of the recording of the third-party statement serves to show that the decision was not "against law."

■ As for the motion for relief under Rule 60(b), so far as it is based upon subdivision (1), there is no showing of any surprise or excuse for any neglect that might exist, nor is there any showing of any sufficient basis for a discretionary granting of the motion on grounds of inadvertence or excusable neglect. The only showing is an affidavit of the attorney stating that he, "through inadvertent and excusable neglect, failed to mark certain documents as evidence, even though the Court could take judicial notice of the same. Failure to include the exhibits was discovered after the trial and their intro-

duction should be allowed in order to fully explain the testimony . . . "

■ This affidavit makes clear that the evidence was not newly discovered and that there was a lack of due diligence in presenting it, and therefore no relief is available under either Rule 59(b)(4) or Rule 60(b)(4) relating to newly discovered evidence.

■ Similarly, we believe the court acted within its discretion in concluding that there was not [under subdivision (6)] any other reason to justify relief from the operation of the judgment.

Rule 60(b)(6) provides an extraordinary procedure:

" . . . an avenue for escape from the judgment, unhampered by detailed restrictions, and the courts have used this clause in a wide variety of situations." In re Braun, 145 N.W.2d 482, 484 (N.D.1966).

But the use of the rule is limited by many considerations. It is not to be used as a substitute for appeal. Ackermann v. United States, 340 U.S. 193, 71 S.Ct. 209, 95 L. Ed. 207 (1950). It is not to be used to relieve a party from free, calculated, and deliberate choices he has made. In re Braun, *supra*. It is not to be used in cases where subdivisions (1) to (5) of Rule 60(b) might be employed—it and they are mutually exclusive. Wright & Miller, Federal Practice and Procedure, Sec. 2864. Yet 60(b)(6) can be used where the grounds for vacating a judgment or order are within any of subdivisions (1) to (5), but "something more" [Bros Incorporated v. W. E. Grace Manufacturing Co., 320 F.2d 594, 609 (CA5 1963)] or "extraordinary" [Ackermann v. United States, *supra*] which justifies relief from the operation of the judgment must be present.

■ We have previously found such extraordinary conditions to exist where the

welfare of minors was directly involved, in In re Braun, *supra,* and Kinsella v. Kinsella, 181 N.W.2d 764 (N.D.1970), and where a constitutional question was duly raised, in In re Estate of Jensen, 162 N.W.2d 861 (N.D.1968). The question before us is not whether the trial court could have exercised its discretion to reopen the judgment on the showing made, but whether its discretion was abused by the refusal to do so. Zundel v. Zundel, 146 N.W.2d 896 (N.D. 1966).

■■■ We find nothing extraordinary here to require the trial court to reopen the matter under Rule 60(b)(6) or to justify us in holding that the trial court abused its discretion. It is obvious that the certified list upon which appellant now relies was in existence at the time of the trial, and apparently its existence was known to the appellant. Appellant chose not to offer it in evidence at that time. See In re Braun, *supra.* There is no clear showing made that the reference to Lilly Schwartz was on the certified list at the time it was submitted to the clerk of court, although we may presume it was. If the trial court were to find that the name of Lilly Schwartz was referred to the clerk of court, entirely new issues would be presented upon the new trial and the new trial would allow the appellant a new opportunity to adopt a new strategy in place of the one which was unsuccessful at the first trial, even after the time for appeal had expired.

We do not find extraordinary facts such as those present in In re Braun, Kinsella v. Kinsella, and In re Estate of Jensen, *supra,* but instead believe this case is more nearly comparable to Zundel v. Zundel, *supra,* where a reopening of the judgment was denied.

There is no showing that the result would be any different if the Credit Bureau's motion under Rule 60(b) were to be granted. We have held above that the third-party statement is not a showing of an interest in property. If the motion were to be granted to permit evidence that the certified list contained a reference to Lilly Schwartz and the homestead statement, the auditor still would not be required to give notice to a judgment creditor of Lilly Schwartz, since the county records do not show that Lilly Schwartz was a person entitled to notice of expiration of period of redemption. If she was not entitled to notice because she did not have an interest in the subject premises shown in the records of the register of deeds, then the register of deeds was not required to list her as a person having an interest in the property. Even though the register of deeds put the name of Lilly Schwartz on the certified list, this fact does not alter her status, and the failure of the clerk of court to check for judgment liens against the surname Schwartz does not create a jurisdictional defect in the tax deed proceedings.

Affirmed.

ERICKSTAD, C. J., and TEIGEN, and KNUDSON, JJ., and ROY K. REDETZKE, District Judge, concur.

The Honorable WM. L. PAULSON deeming himself disqualified did not participate; the Honorable ROY K. REDETZKE, Judge of the First Judicial District sitting in this place.

VOGEL, J., participated on the briefs.