Henry H. GALLOWAY, Sr., Plaintiff and Appellee,

v.

Betty Mae GALLOWAY, Defendant and Appellant.

Civ. No. 9614.

Supreme Court of North Dakota.

July 13, 1979.

Rehearing Denied Aug. 2, 1979.

Henry H. Galloway, Sr., Grand Forks, pro se.

Mack, Moosbrugger, Ohlsen & Dvorak, Grand Forks, for defendant and appellant; argued by Shirley A. Dvorak, Grand Forks.

PEDERSON, Justice.

This is an appeal from an order denying relief from a judgment entered pursuant to a stipulation (Rule 60(b)(6), NDRCivP). The case graphically illustrates that alcohol addiction can result in family heartbreaks and economic waste and hardship. Con-

sidering alcoholism a disease, efforts at faultfinding are counterproductive. Betty Mae Galloway is apparently an alcoholic, but it is unnecessary for our determination of the legal question raised to include any further comprehensive recitation of the depressing details involved in this case.

The stipulation dated August 22, 1978, was presented to the trial court at a hearing held September 18, 1978. Only Henry H. Galloway, Sr., appeared and testified. There was no appearance in behalf of Betty. The trial judge questioned whether Betty was fully capable of entering into the stipulation. Henry's response was that she does have "lucid intervals," that she had been sober for two months before signing the stipulation, and that she was "lucid at that time." The divorce was granted on the grounds of irreconcilable differences (§§ 14-05-03(8) and 14-05-09.1, NDCC). Henry is a lawyer and, at all times, has appeared pro se. Pursuant to the stipulation, custody of two minor children was awarded to Henry, as well as all of the marital property, except that Betty received an automobile of her choice, all of her personal effects, and $5,000.00 as alimony.

Judgment was entered on September 22, 1978, and thereafter, on September 27, 1978, Betty, having then retained present counsel, moved to vacate the judgment. On January 23, 1979, Betty was declared incompetent to handle her person and her affairs, and a guardian and a conservator were appointed. The motion under Rule 60(b)(6) was heard on January 24, 1979, at which time Betty's counsel moved that the guardian and conservator be substituted as defendant. The record does not disclose that there was a ruling on the motion. No witnesses were called but arguments of counsel were recorded and twelve exhibits were received as evidence.

No memorandum decision was prepared but the trial judge orally indicated that he was not satisfied that the affidavits and medical reports were specific enough as to Betty's competency on August 22, the date she signed the stipulation. The motion to vacate the judgment was denied. We reverse that order and direct that the judgment be vacated.

■ It is essential to the existence of any contract that there should be parties capable of contracting. See § 9-01-02, NDCC.

> "Contractual stipulations are essentially contracts that deal with the subject matter of the lawsuit, mainly the rights or property at issue. It follows that in determining the validity of a contractual stipulation the law of contracts should be applied. 'They are styled stipulations only because they occur in connection with litigation.' *Lawrence v. Lawrence*, 217 N.W.2d 792, 796 (N.D. 1974)."

*Rummel v. Rummel*, 234 N.W.2d 848, 852 (N.D. 1975).

See also *Harchenko v. Harchenko*, 77 N.D. 289, 43 N.W.2d 200 (1950).

■ Section 14-01-02, NDCC, provides in part that "a . . . contract of a person of unsound mind, but not entirely without understanding, made before his incapacity has been determined judicially upon application for the appointment of a guardian is subject to rescission as provided by the laws of this state." For purposes of commitment procedures, an alcoholic is an individual who has lost the power of self-control, exhibits cognitive deficiencies, generally confused thinking, or other manifestations of disorientation which show an inability to make judgments about areas of behavior that do not directly relate to drinking. See § 25-03.1-02(1), NDCC.

At the hearing held on January 24, 1979, the trial court received conflicting information from which to draw a conclusion as to whether the Rule 60(b)(6) motion should be granted. Some of the information indicated that Betty had been able to attend to her domestic affairs during the two months' period prior to the execution of the stipulation. Other information indicated that Betty's impairment of judgment was unresolved and that she had been drinking alcoholic beverages as recently as six days before the date she signed the stipulation.

In a case involving the validity of a deed, *Lee v. Lee*, 70 N.D. 79, 292 N.W. 124, 126 (1940), this court said:

"Upon the question of incapacity to render a deed invalid, the court must be satisfied that the grantor was not in a situation to transact that particular business rationally—not, on the one hand, that he should be capable of doing all kinds of business with judgment and discretion, nor, on the other hand that he should be wholly deprived of reason, so as to be incapable of doing the most familiar and trifling work. That, if the mind and memory were in such a situation at the time of executing the deed as to render him wholly incompetent to judge of his rights and interests in relation to that transaction, the deed would be void."

See also *Volk v. Volk*, 121 N.W.2d 701 (N.D. 1963), and *Runge v. Moore*, 196 N.W.2d 87 (N.D. 1972). We see no reason to apply a different standard to test the incapacity of a person to execute a stipulation in a divorce case than we would apply when the person has executed a deed, as in *Lee v. Lee, supra*, or a mineral deed, as in *Runge, supra*, or a stipulation to dismiss a challenge to the validity of a will, as in *Volk, supra*.

We said in *Small v. Burleigh County*, 239 N.W.2d 823, 828 (N.D. 1976), that something "extraordinary" is required to justify the vacating of a judgment under Rule 60(b)(6). When there is an appeal from a trial court ruling on a Rule 60(b)(6) motion, the question before this court is whether or not the trial court abused its discretion. See *Hefty v. Aldrich*, 220 N.W.2d 840, 847 (N.D. 1974).

When the question before the court was "best interests of a minor," in reversing a trial court's denial of a motion to vacate a judgment, we said that Rule 60(b)(6) has broad language and should be invoked "in the interests of justice." *In re Braun*, 145 N.W.2d 482, 485 (N.D. 1966). In a later case relating to the fundamental right of inheritance, we also reversed a trial court's denial of a Rule 60(b)(6) motion and expanded upon the statement of *In re Braun, supra*, as follows:

"Considering all of those factors, but especially emphasizing (1) that the rule should be liberally construed for the purpose of doing substantial justice; (2) that there is merit in the defense or claim that has been asserted; (3) that there are no intervening equities which would make it inequitable to grant relief in the instant case, . . .; and (4) for the further reason . . . that it should not be avoided nor trampled upon by a too technical construction of a rule that is intended to do justice, . . ." *In re Estate of Jensen*, 162 N.W.2d 861, 876 (N.D. 1968).

Finally, in *Kinsella v. Kinsella*, 181 N.W.2d 764, 768 (N.D. 1970), where we again reversed a trial court order denying a motion to vacate a judgment, primarily because of hardship to a minor, we said:

"However, the broad language of Rule 60(b)(6), N.D.R.Civ.P., gives the court ample power to vacate a judgment or an order whenever such action is appropriate to accomplish justice. If it is unjust that a judgment or an order be enforced, Rule 60(b)(6) does provide an avenue of escape from the judgment or order, unhampered by detailed restrictions."

Prior to the adoption of the Rules of Civil Procedure when relief from a judgment was pursuant to statute, this court said, "it is better, as a rule, that the doubt should be resolved in favor of the application." *Racine-Sattley Mfg. Co. v. Pavlicek*, 21 N.D. 222, 130 N.W. 228, 231 (1911). In reversing a trial court's order denying a motion to vacate a default judgment, while applying the rule that vacating an order or judgment is "ordinarily largely within the discretion of the trial court," this court said:

". . . courts favor the trial of cases upon their merits, and where a trial court has refused to open a default and permit a defense to be made the reviewing court will not only inquire as to whether discretion of the trial court in denying the application has been soundly exercised, but will also examine the facts shown for the purpose of determining whether in the interests of justice and

right, and under a liberal construction of the statute, a defense upon the merits should be permitted . . . " *Westbrook v. Rice*, 28 N.D. 324, 148 N.W. 827, 828 (1914).

We recently held in *Bingert v. Bingert*, 247 N.W.2d 464, 465 (N.D.1976), that:

"Facts tending to show that a party to a property-settlement agreement was an alcoholic at the time of the agreement, without more, do not show incompetence . . . ." Syllabus by the Court, ¶ 3.

*Accord: Bridgeford v. Bridgeford*, 281 N.W.2d 583 (N.D.1979). Both *Bingert, supra*, and *Bridgeford, supra*, are clearly distinguishable on their facts. We conclude that the showing here goes far beyond that made in either *Bingert* or *Bridgeford*, and application for relief was made promptly—five days after entry of judgment in the instant case as compared to seven and eight years in *Bingert* and *Bridgeford*.

We agree with Henry's argument that peaceful settlements of disputes, including divorce matters, should be encouraged, not discouraged. But where the competency of one of the partners to a marriage is a significant element in suits for divorce and in the lives of the members of the family, any subsequent settlement agreement should be thoroughly scrutinized before it is accepted by the trial court. The record raises many doubts as to Betty's capacity to contract, not only on the specific date of August 22, 1978, but for an extended period prior thereto and thereafter.

For the reasons stated in this opinion, we conclude that the district court erred in denying the Rule 60(b)(6) motion and hereby reverse the order and remand for further disposition. Although irreconcilable differences, not habitual intemperance, was the ground for divorce asserted in the complaint and in the decree, we find no reason why the divorce itself should be vacated. Most of the information supplied by Betty on her motion to vacate the judgment supports the conclusion that a divorce is justified because of her habitual intemperance. See §§ 14-05-08 and 14-05-03(5), NDCC. That part of the judgment which relates to the contractual matters of custody, property division and alimony is vacated.

The judgment is affirmed in part and vacated in part. In all further proceedings, while the guardianship and conservatorship exist, the guardian and conservator shall be made parties.

On remand the case will be assigned pursuant to AR–4–1979, and the trial court will consider Betty's motion for attorney fees on the appeal. See *Keig v. Keig*, 270 N.W.2d 558, 561 (N.D.1978). We hereby direct that, on remand, the presiding judge of the East Central Judicial District assign a judge of that district to hear the matter.

ERICKSTAD, C. J., SAND and VANDE WALLE, JJ., and JANSONIUS, C., concur.

JANSONIUS, Supreme Court Commissioner, sitting in place of PAULSON, J., disqualified.