STATE of North Dakota, Plaintiff and Appellee,

v.

RED ARROW TOWBAR SALES CO., Defendant and Appellant.

Civ. No. 9785.

Supreme Court of North Dakota.

Nov. 3, 1980.

---

Robert W. Wirtz, Special Asst. Atty. Gen., State Tax Dept., Bismarck, for plaintiff and appellee.

Tenneson, Serkland, Lundberg, Erickson & Marcil, Fargo, for defendant and appellant; argued by Roger J. Minch, Fargo.

PEDERSON, Justice.

Red Arrow Towbar Sales Company (Red Arrow) appeals from a district court order which denied a motion under Rule 60(b), NDRCivP, to vacate a default judgment. We affirm.

In July, 1975, the State of North Dakota (State) commenced an action against Red Arrow, a corporation with offices in South Carolina, for sales and withholding taxes in the amount of $27,456.25. Service of the summons and complaint was made by a deputy sheriff of Greenville County, South Carolina, at Red Arrow's address in that county. The deputy sheriff's return states that the summons and complaint were delivered to "W. H. Hawkins, Manager personally" on August 12, 1975. Red Arrow admittedly did not respond to the summons.

Prior to the issuance of the summons and complaint, the State sent notices to Red Arrow stating that assessments for sales tax and income tax withholding had been made. There is apparently no dispute that these notices were received by Red Arrow. There is also no dispute that these notices were ignored and went unanswered.

A judgment by default was awarded to the State in October 1975.[1]

Red Arrow seeks to have the default judgment set aside pursuant to subsections (4) and (6) of Rule 60(b), NDRCivP. As the moving party, Red Arrow "has the burden of establishing sufficient grounds for disturbing the finality of such judgment." *Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976). With an exception noted later,

---

1. The State misplaced and forgot about the judgment, for, in 1978, another summons and complaint, based on the same assessments, were served. This time Red Arrow responded. The previous default judgment was soon discovered, however, and the second suit was dismissed.

our review of a lower court's ruling on a Rule 60(b) motion is limited to ascertaining whether or not that court abused its discretion under the rule. A decision will not be overturned just because it is not the one this court may have made. E. g., *Small v. Burleigh County*, 239 N.W.2d 823 (N.D. 1976).

Red Arrow's primary claim is simply that service of process was never accomplished and the judgment is void for lack of notice. It is argued that Red Arrow is therefore entitled to relief from the judgment under Rule 60(b)(4). Red Arrow submitted documentary evidence purportedly showing that Mr. Hawkins was not in Greenville, South Carolina, on the date specified in the return. This evidence consists of: an affidavit by Mr. Hawkins denying receipt of service; another affidavit by Mr. Hawkins which states that he was traveling in New England and was not in South Carolina on the date of the return; an affidavit by Mr. Hawkins' traveling companion, Mr. Ward, an employee of Red Arrow, which states that he was with Mr. Hawkins in New England on August 12; a telephone bill in Mr. Ward's name showing calls to South Carolina and Massachusetts on August 11 and to New Hampshire on August 13; and two receipts, one dated August 13 for $4.67 from a New Hampshire restaurant and one dated August 13 for $21.55 from a Massachusetts gas station, neither of which specifies the names of the persons to whom the receipts were given.

In North Dakota, a sheriff's return is prima facie proof that service occurred. Section 11–15–16, NDCC. It was not argued that the North Dakota statute did not apply, nor that the South Carolina statute was different from the North Dakota statute, nor that if the statutes were different the South Carolina law would apply. From our search it appears that the statutes are sufficiently similar. See Code of Laws, South Carolina, § 15–9–80. It is presumed that the law of South Carolina is the same as the law of this state in the absence of proof to the contrary. Sections 31–11–03(39) and 31–10–03, NDCC. No proof to the contrary was introduced in this case. The evidence presented to counter the reliability of the return is not conclusive but, at best, merely suggestive of the facts alleged by Red Arrow. There is nothing, save the affidavits, which even implies that Mr. Hawkins was in New England on August 12. As for the affidavits, the district court found their credibility outweighed by the sheriff's return.

■ A motion under subsection 4, unlike a motion under the other five subsections of Rule 60(b), is not left to the court's discretion. Any judgment entered without the requisite jurisdiction over the parties is void. A court has no discretion to protect such a judgment. The court's task is purely to determine the validity of the judgment. If the judgment is valid, subsection 4 motions can rightly be denied. Wright & Miller, Federal Practice and Procedure, § 2862.

■ Whether or not service was made is a fact issue, and ordinarily the finding on that issue would be reviewed by this court pursuant to Rule 52(a), NDRCivP.[2] However, because it arose out of a motion under Rule 60(b), a finding of fact is not required. Whether or not we apply, in this instance, a "clearly erroneous" standard or an "abuse of discretion" standard, the district court's finding would nonetheless stand. The conclusion that Red Arrow was served is reasonable, and to reverse the district court would not only be trial de novo but would be substituting our judgment for that of the trier of fact. This would constitute an invasion by this court of the function of the trial court.

■ Red Arrow maintains that subsection 6 of Rule 60(b) is an alternative means by which the judgment may be vacated. This subsection provides for relief if justified by "any other reason" not specified in the rule. The clear purpose animating this

---

**2.** See *Becker v. Becker*, 262 N.W.2d 478, 481 (N.D.1978), where we said that Rule 52(a) applies where actions are "tried upon the facts," even though the moving paper may be denominated a motion.

particular clause is to further justice directly when no other rule or remedy will do so. *Kinsella v. Kinsella*, 181 N.W.2d 764, 768 (N.D.1970). At the same time, however, subsection 6 must accommodate another policy which values finality of judgments. Wright & Miller, Federal Practice and Procedure, §§ 2857, 2864, and 2872.

Under subsection 6 Red Arrow has presented arguments going to the merits of the case, specifically that it is not liable under the taxing statutes. Building on this claim, Red Arrow cites policies which it believes applicable here. These policies are: (1) that Rule 60(b) is given a liberal construction; (2) that decisions on the merits are preferable to adjudications by default; (3) that, because of the foregoing, the standards for vacating the default judgment are more flexible than those observed in reviewing a judgment on the merits; and (4) that all doubts in any case ought to be resolved in favor of the moving party. *City of Wahpeton v. Drake–Henne, Inc.*, 228 N.W.2d 324 (N.D.1975); Wright & Miller, Federal Practice and Procedure, § 2693, p. 312.

These general principles, however, must be considered in the context of a subsection 6 motion.

"The cases calling for a great liberality in granting Rule 60(b) motions, for the most part, have involved default judgments. There is much more reason for liberality in reopening a judgment when the merits of the case never have been considered than there is when the judgment comes after a full trial on the merits. On the other hand, the leading cases speaking of a requirement of exceptional or extraordinary circumstances have been cases of motions under Rule 60(b)(6). That subdivision of the rule does require a very special showing by the moving party and it does not assist sound analysis to repeat those phrases in cases brought pursuant to the other portions of Rule 60(b), under which a less demanding standard applies." Wright & Miller, Federal Practice and Procedure, Section 2857, p. 160.

See also, *Hefty v. Aldrich*, 220 N.W.2d 840, 846 (N.D.1974).

Wright & Miller comments further on the nature of the "special showing" necessary under subsection 6.

"In general, relief is given under clause 6 in cases in which the judgment was obtained by the improper conduct of the party in whose favor it was rendered or where the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule." Section 2864, p. 213.

In conjunction with this observation, we have expressly stated that subsection 6 "is not to be used to relieve a party from free, calculated, and deliberate choices he has made (cites omitted)." *Hefty, supra*, 220 N.W.2d at 846.

No wrongdoing by the State is alleged. In light of the fact that Red Arrow simply disregarded notices sent to it previously and the district court's finding, affirmed here, that service was made, relief under subsection 6 is not available. Whether or not Red Arrow believed itself liable for the amounts claimed by the State, its purposeful failure even to respond to potentially binding determinations deprives it of the benefit of subsection 6. Indeed, the possibility of a defense to the assessments should have been added incentive to respond. That the State would attempt to reduce the assessments to judgment ought to have been expected, realistically. In any event, Red Arrow's neglect, concededly no accident, discourages us from setting aside the judgment and militates against a reversal of the trial court. We conclude that the district court did not abuse its discretion.

■ Finally, Red Arrow asserts that the following language in Rule 60(b) authorizes equitable relief when, presumably, no other relief is appropriate or available.

"This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ."

Logically, this provision, like subsection 6, requires for its operation grounds separate and distinct from those named in subsections 1 through 5; otherwise it is surplusage. However, in support of this theory, Red Arrow has presented essentially the same arguments used previously, i. e., that there was no service of process, that there is a good defense, etc. Thus an independent action, if there were one, would carry no more potential for vacating the judgment than the motion pursuant to subsections 4 and 6.

Moreover, it is traditional that equity may not be invoked by a party responsible for his own predicament.

"Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances.... *It is not a remedy for inadvertence or oversight by the losing party in the original action, nor will it lie on behalf of a party who was himself at fault.*" [Emphasis added.] Wright & Miller, Federal Practice and Procedure, § 2868, p. 239.

Red Arrow's present position is directly traceable to its own omissions. It follows that we can treat Red Arrow's independent action theory as we did the motion under subsection 6.

The order denying the motion to vacate the default judgment is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.