AVCO FINANCIAL SERVICES,
Plaintiff and Appellee,

v.

Gordon L. SCHROEDER, Defendant
and Appellant,

and

LaVonne S. Schroeder, Defendant.

Civ. No. 10110.

Supreme Court of North Dakota.

April 29, 1982.

John V. Boulger, of Solberg, Stewart, Boulger & Miller, Fargo, for plaintiff and appellee.

David Garaas, of Garaas Law Firm, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

Gordon L. Schroeder appealed from an order of the district court of Cass County denying a Rule 60(b), N.D.R.Civ.P., motion for post-judgment relief. We affirm.

Avco Financial Services ("Avco") obtained judgment against Gordon and LaVonne Schroeder after they defaulted on a loan from Avco. At the time the loan was made, Gordon and LaVonne were married. They were divorced sometime after the loan was made but before Avco obtained judgment. After Avco served the summons and complaint upon Gordon and before judgment, Avco and Gordon agreed that Avco would release its claim against Gordon for $750. Presumably Avco then intended to hold LaVonne responsible for the remaining indebtedness of approximately $1,000. Although LaVonne was served with the summons and complaint she neither answered nor appeared to contest the complaint.

Gordon sent a check for $750 to Avco; however, the check was returned for insufficient funds. When Avco moved for summary judgment in October 1977, Gordon did not defend.

Gordon claims that after judgment was entered against him, he entered into an oral agreement with the local manager of the Avco office. The agreement purportedly was that Gordon would make periodic payments to Avco until he had paid $750. Avco then would give Gordon a complete release or satisfaction of the judgment. Avco would still be entitled to hold La-Vonne responsible for the deficiency. Gordon made sporadic payments during the next two years. In September and October of 1979 Avco commenced garnishment proceedings against Gordon's employer. Gordon answered the summons, apparently under the authority granted in Section 32–09–20, N.D.C.C., in effect at that time.[1] Gordon moved for an order dismissing all garnishment proceedings and for a protective order preventing Avco from instituting any further garnishment proceedings. Before the trial court ruled on Gordon's motion Avco initiated another garnishment proceeding, in July 1980. The trial judge denied the motion because "[Gordon] is not a proper party to answer under N.D.C.C. § 32–09–18[2] and that any such answer to be effective must be made by the garnishee. It further appears to the Court that any answer so filed, if effective, is effective only to constitute a discontinuance of that particular garnishment proceeding. In this

instance, the plaintiff [Avco] commenced a separate garnishment proceeding in July of 1980 and this garnishment is not and would not have been affected by the previous Answer. It further appears to the Court that the defenses raised by the defendant and his Answer of October 26, 1979, did not prohibit plaintiff from proceeding with a garnishment." No appeal was taken from the denial of this motion and the trial judge's interpretation of our previous garnishment statutes is not before us.

In May of 1981 Avco initiated garnishment proceedings in Minnesota and in June Avco initiated a fourth garnishment proceeding in North Dakota against Gordon's employer. In August of 1981 Gordon moved for an order releasing him from the money judgment:

"This Motion is based upon Rule 60(b)(5) and (6) of the North Dakota Rules of Civil Procedure. That said judgment has been satisfied, released or discharged as to Defendant Gordon L. Schroeder or it is no longer equitable that the judgment should have prospective application and because of the actions of the Plaintiff set forth in the accompanying Affidavits there is reason justifying relief from the operation of the judgment."

The trial judge denied the motion:

"It does not appear to this Court that this is a proper case for the granting of a Rule 60(b) motion in that defendant Gordon L. Schroeder is asking the Court to consider an alleged oral agreement en-

---

1. Chapter 32–09, N.D.C.C., was repealed by 1981 N.D.Sess.Laws ch. 350, § 2. (For present provisions see ch. 32–09.1.) Section 32–09–20 provided:

    "The defendant in all cases, by answer to be served within thirty days from the service of the garnishee summons on him, may defend the proceeding against any garnishee upon the ground that the indebtedness of the garnishee, or any property held by him, is exempt from execution against such defendant, or for any other reason is not liable to garnishment, or upon any ground upon which a garnishee might defend the same, and may participate in the trial of any issue between the plaintiff and garnishee for the protection of his interests."

2. (See fn. 1.) Section 32–09–18 provided:

    "The answer of the garnishee in all cases shall be conclusive of the truth of the facts therein stated, and the garnishment proceeding shall be deemed discontinued, unless the plaintiff within thirty days shall serve upon the garnishee a notice in writing that he elects to take issue on his answer, in which case the issue shall stand for trial as a civil action in which the affidavit on the part of the plaintiff shall be deemed a complaint and the garnishee's affidavit the answer thereto. The plaintiff in all cases may move the court, upon the answer of the garnishee and of the defendant if he also shall answer, for such judgment as he shall be entitled to thereon, but any such judgment shall be no bar beyond the facts stated in such answers."

tered into after the time judgment was entered. It further appears to the Court that this motion was not made within a reasonable time as required by Rule 60(b) of the North Dakota Rules of Civil Procedure."

The only issue before us is whether or not the trial judge erred in denying Gordon's motion.

Rule 60(b) permits a court to relieve a party from a final judgment for six different reasons. Gordon has cited two which he believes support his request for relief:

"(v) the judgment has been satisfied, released, or discharged, . . . or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, . . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, . . ."

This court has interpreted Rule 60(b) previously. "Our review of a lower court's ruling on a Rule 60(b) motion is limited to ascertaining whether or not that court abused its discretion under the rule." *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 516 (N.D.1980). Our function "is not to determine whether the trial court was substantively correct . . . but is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment or order were not shown in a timely manner." *Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976), quoting *Small v. Burleigh County*, 239 N.W.2d 823 (N.D. 1976). An allegation of abuse of discretion must be affirmatively established; it is never assumed. See *Davis v. Davis*, 268 N.W.2d 769, 779 (N.D.1978). "An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court." *Moser v. Wilhelm*, 300 N.W.2d 840, 847 (N.D.1980). A movant for relief under Rule 60(b), N.D.R.Civ.P., has the burden of establishing sufficient grounds for disturbing the finality of a judgment. *Gajewski*, 240 N.W.2d at 886. As in the case of *Small v. Burleigh County*,

*supra*, this appeal requests relief under Rule 60(b)(5) and (6) due to a post-judgment event.

One of the reasons the trial judge denied Gordon's motion is that he did not believe Gordon's request for relief under Rule 60(b) presented a proper case for granting the motion. We need not decide whether or not Gordon's request was proper under Rule 60(b) because the trial judge also said that Gordon's motion was not made within a reasonable time. Even if we were to decide that the trial judge incorrectly concluded that Gordon's request was not proper under Rule 60(b), we would not reverse the trial judge's denial of the motion. We have held previously that a correct result will not be set aside merely because the trial court assigned an incorrect reason for its decision "if the results are the same under applicable reasons." *Atlas Ready-Mix of Minot v. White Properties, Inc.*, 306 N.W.2d 212, 217 (N.D.1981). And see *McGuire v. Warden of State Farm*, 229 N.W.2d 211, 217 (N.D.1975). We sustain the trial court if, after removing an erroneous reason, other reasons exist which would also support the trial court's action. *Kasper v. Provident Life Ins. Co.*, 285 N.W.2d 548, 553 (N.D.1979). Because a Rule 60(b) motion must be made within a reasonable time, we do not consider whether or not this was a proper case for a Rule 60(b) motion but, rather, we turn to the trial judge's conclusion that the relief was not requested within a reasonable time.

Rule 60(b) gives the court the power to relieve a party from a final judgment in the exercise of its sound discretion when the motion for relief has been made within a reasonable time. "What constitutes a reasonable time varies from case to case and must be determined in each instance from the facts before the court. The very nature of the exercise of discretionary power in cases of this kind is such as to prevent any absolute rule from being laid down." *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d 247, 252 (N.D.1980), quoting *United Accounts, Incorporated v. Lantz*, 145 N.W.2d 488, 493 (N.D.1966). The judgment against Gordon was obtained

in October 1977. In September 1979 Avco initiated the first garnishment proceeding. At this point Gordon should have known that Avco was abrogating the alleged oral agreement and he could have considered the use of a Rule 60(b) motion to obtain relief from the judgment. Gordon did attempt to defend the garnishment action. When a subsequent garnishment proceeding was brought, Gordon moved for dismissal and for a protective order against future garnishment actions in July 1980. The trial judge denied the motion in September 1980. Gordon could have appealed the denial but did not do so. In August 1981 Gordon requested release from the October 1977 judgment pursuant to Rule 60(b). If we give Gordon the benefit of the doubt, he should have requested relief within a reasonable time from September 1979, when the first garnishment proceedings were brought. Instead, he waited almost two years. Gordon argues that the reason he could not have brought the motion earlier is that he did not find the receipts which would document his alleged oral agreement until January of 1981. The receipts were, however, at all times in Gordon's possession, albeit misplaced.

We cannot conclude that the trial judge abused his discretion when he determined that Gordon did not bring his motion within a reasonable time. We affirm the trial judge's decision denying Gordon's Rule 60(b) motion.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.