FIRST NATIONAL BANK OF
CROSBY, Plaintiff and
Appellee,

v.

Lyle BJORGEN, Defendant
and Appellant.

Civ. No. 11138.

Supreme Court of North Dakota.

June 19, 1986.

Bjella, Neff, Rathert, Wahl & Eiken, Williston, for plaintiff and appellee; argued by Charles L. Neff.

Rolfstad, Winkjer, McKennett & Stenehjem, Williston, for defendant and appellant; argued by Kent Reierson.

ERICKSTAD, Chief Justice.

Lyle Bjorgen, the defendant, appeals from a district court order dismissing his motion to set aside the partial summary judgment pursuant to Rule 60(b), N.D.R. Civ.P. We affirm.

On January 10, 1983, Bjorgen executed a note in favor of First National Bank of Crosby in the amount of $90,000. To secure this note Bjorgen executed a mortgage covering the following described real estate located in Divide County, North Dakota:

"All of Mortgagors interest in the oil, gas and minerals in and under the following property:

SE¼: 24–163–103 S½SW¼: 35–164–103
E½: 23–163–103 Lots 2, 3, 4, and SW¼NW¼: 2–163–103
and the E½ SE¼: 2–163–103"

This note was also secured by a security agreement covering a 1982 Lincoln Mark VI Continental four-door automobile and a 1982 Datsun 200 SX two-door automobile.[1] On February 18, 1983, Bjorgen executed another note in favor of the Bank in the amount of $10,000. This note was also secured by the above mortgage and security agreement. Both of these notes were due December 15, 1983.

On August 29, 1983, the Bank filed, and on September 7, 1983, had served upon Bjorgen, a complaint alleging that "[a]lthough plaintiff has demanded, defendant has refused and continues to refuse to pay plaintiff ... the sum of One Hundred Thousand and no/100 Dollars ($100,-000.00)" and, therefore, judgment should be entered against the defendant for the

---

1. The Bank alleges that a motor home owned by Bjorgen was also covered under the security agreement. Bjorgen, however, asserts that "[t]he Bank never had a lien on the motor home."

sum of $100,000. The Bank also filed and served a motion for a writ of attachment pursuant to Section 32–08.1–03(1)(a), (b), (c), and (e), N.D.C.C.[2] This writ of attachment was granted by the district court on August 30, 1983.

Bjorgen answered the complaint by alleging that the notes in question had not yet become due and counterclaimed for damages allegedly incurred by Bjorgen "as a result of unlawful and unreasonable action of the Plaintiff in instituting an action to collect notes not yet mature, and not insecure."

On January 16, 1984, the Bank served, and on January 19, 1984, filed a motion to amend the complaint pursuant to Rule 3.2, NDROC, alleging that the notes in question had become due but had gone unpaid. Bjorgen did not respond to this motion. The Bank also informed Bjorgen of its intent to make a motion for summary judgment at a hearing which was subsequently scheduled and held on April 9, 1984. After considering affidavits, receiving briefs, and hearing oral arguments the court granted, on April 7, 1984, the Bank's motion to amend the complaint, and on April 10, 1984, its motion for summary judgment. Judgment was entered in favor of the Bank in the amount of $118,579.45 on May 4, 1984, and notice of the entry of judgment and

certified copy of the judgment were served on Bjorgen's attorney on May 30, 1984.

In support of his resistance to the Bank's motion for summary judgment, Bjorgen argued that the Bank's premature action against the notes was unreasonable and unlawful and "made it impossible for the defendant to pay the notes when they did become due." The court, however, concluded that Bjorgen's counterclaim for damages incidental to the issuance of the writ of attachment should be severed and addressed in a separate trial.[3]

On September 14, 1984, a writ of execution was issued by the clerk of the district court. The sheriff of Divide County then levied upon the attached personal property of Bjorgen which included 10,000 shares of stock in the Bank. This stock was sold for the amount of $17,000 and applied to partially satisfy the judgment. The sheriff next levied upon the following property of Bjorgen previously attached by the Bank:

"All of defendant's right, title and interest in and to the following described tracts of real property situated in Divide County, North Dakota:

"Township 163 North, Range 102 West, 5th P.M.
Section 6: S½NE¼; Lots 1 and 2, SE¼

"Township 163 North, Range 103 West, 5th P.M.
Section 14: S½SW¼
Section 23: NE¼, NW¼, N½SW¼

2. "32–08.1–03. *Basis for attachment.*
"1. Before any writ of attachment shall be executed, the plaintiff or someone on his behalf shall make and attach thereto an affidavit stating that the defendant is indebted to the plaintiff in a sum exceeding fifty dollars specifying the amount above all setoffs, and that the same is due upon contract or upon a judgment and that the affiant knows or has good reason to believe any of the following:
 a. The defendant is absent from this state, or is concealed therein so that summons cannot be served on him.
 b. The defendant has disposed of or concealed or is about to dispose of or conceal his property or some part thereof with intent to defraud his creditors.
 c. The defendant has removed or is about to remove property out of this state with intent to defraud his creditors.
 * * * * * *
 e. The defendant is not a resident of this state.
 * * * * * *

"3. An action may be maintained and a writ of attachment issued on a demand not yet due in any case mentioned in this section, except the cases mentioned in subdivision e, f, or g of subsection 1 and the same proceedings in the action shall be had and the same affidavit shall be required as in actions upon matured demands except that the affidavit shall state that the debt is to become due."

3. Both parties question the propriety of the actions of the other party. Bjorgen asserts that the Bank has exercised "callous disregard of individual rights ... in search of assets to satisfy its own greed." The Bank, on the other hand, asserts that Bjorgen "had made it plain that he had no intention ... to make payment on the notes when they were due" and infers that Bjorgen's move to California was designed to effectuate this intent. These assertions, however, are not pertinent to the issues before our Court today and would be more appropriately raised in the trial court upon the consideration of Bjorgen's counterclaim.

Section 24: SE¼

"Township 164 North, Range 102 West, 5th P.M.
Section 31: Lot 1, NE¼NW¼, NW¼NE¼, E½SE¼, S½NE¼, with the exception of the West 350 feet of the SW¼NE¼

"The undivided interest of Lyle Bjorgen in the following described real property, to-wit:

"Township 163 North, Range 103 West, 5th P.M.
Section 2: SW¼NW¼, Lots 2, 3 and 4"

This property[4] was sold to the Bank at sheriff's sale on November 27, 1984, for the amount of $324,265.12. The sheriff disbursed the proceeds of the sale as follows:

"Remaining amount of the judgment
plus interest to date of sale upon
the judgment debt ......................... $111,069.94
Fees for publication of notice of sale .... 73.95
Cost of land appraisal .................... 375.00
Payoff of first lien held by Farmers
Home Administration ..................... 212,740.23
Fees of clerk of court to issue special
execution ................................. 6.00
Total amount due plaintiff ................ $324,265.12
Sheriff's fees ............................ 25.00
Total judgment, interest and costs ........ $324,290.12
Less credit for escrow payment held
by bank ................................... $ 2,520.00
Amount of bid ............................. $321,770.12"

The trial court entered an order confirming the sale on July 30, 1985.

At no time during any of these proceedings before the district court or during the

**4.** The following real estate included in the writ of attachment and sold at the sheriff's sale was not covered by the mortgage:

Township 163 North, Range 102 West, 5th P.M.
Section 6: S½NE¼; Lots 1 and 2, SE¼

Township 163 North, Range 103 West, 5th P.M.
Section 14: S½SW¼
Section 23: NW¼, N½SW¼

Township 164 North, Range 102 West, 5th P.M.
Section 31: Lot 1, NE¼NW¼, NW¼NE¼, E½SE¼, S½NE¼, with the exception of the West 350 feet of the SW¼NE¼

**5.** Section 32–19–07, N.D.C.C., provides in pertinent part:
"Except as otherwise provided in sections 32–19–04 and 32–19–06, neither before nor after the rendition of a judgment for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, shall the mortgagee or vendor, or the successor in interest of ei-

levy upon and execution sale of the personal and real property did Bjorgen assert that the Bank's action controvened Section 32–19–07, N.D.C.C.

However, on October 15, 1985, more than 17 months after the judgment was entered and more than 10 months after the sheriff's sale of the afore described property, Bjorgen, through a new attorney, filed a motion to set aside the partial summary judgment pursuant to Rule 60(b)(iv) and (vi), N.D.R.Civ.P. In his brief in support of the motion, Bjorgen argued that the Bank's initial action was not proper because it was maintained on the notes instead of the real estate mortgage which Bjorgen alleged violated Section 32–19–07, N.D.C.C.[5] Bjorgen further argued that as the action maintained by the Bank was in violation of 32–19–07, it should be set aside as void pursuant to 60(b)(iv). Bjorgen cited *H & F Hogs v. Huwe*, 368 N.W.2d 553 (N.D.1985) and *State Bank of Burleigh County Trust v. Patten*, 357 N.W.2d 239 (N.D.1984) as supportive authority for his argument. Bjorgen also argued that the Bank did not adequately comply with Rules 77(d) and 15(a), N.D.R.Civ.P., and Section 32–08.1–03(3), N.D.C.C.

The district court denied Bjorgen's motion to set aside the partial summary judgment.[6] Bjorgen's appeal is from the dis-

ther, be authorized or permitted to bring any action in any court in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed. It is the intent of this section that no deficiency judgment shall be rendered upon any note, mortgage, or contract given after July 1, 1951, to secure the payment of money loaned upon real estate or to secure the purchase price of real estate, and in case of default the holder of a real estate mortgage or land contract shall be entitled only to a foreclosure of the mortgage or the cancellation or foreclosure of the contract except as provided by sections 32–19–04 and 32–19–06."

**6.** The court gave the following reasons for not granting Bjorgen's 60(b) motion:
"1. This court had proper jurisdiction over the parties and subject matter of the present action when it entered judgment against defendant May 4, 1984 and, accordingly, the judgment entered on that date is not 'void' as claimed by defendant.

trict court's order dismissing his motion to set aside the partial summary judgment.

On appeal several arguments have been raised by both parties including the proper interpretation of Section 32–19–07, N.D. C.C., and its applicability to the case at hand.

■ The Bank first presents the issue of "WHETHER THE PRESENT APPEAL IS IMPROPER AS AN ATTEMPT TO CONSIDER AND LITIGATE AN ISSUE NOT HERETOFORE RAISED BY APPELLANT AND NOT CONSIDERED BY THE DISTRICT COURT." The Bank argues that, as Bjorgen did not raise the anti-deficiency provisions of 32–19–07 in his answer to the complaint or at any time during the proceedings on the motion for summary judgment, it cannot now be raised on appeal. This appeal, however, is not taken from the judgment granting the Bank's motion for summary judgment, it is taken from the order denying Bjorgen's motion to set aside the partial summary judgment. It cannot be seriously questioned that the issues raised here on appeal by Bjorgen were also raised by Bjorgen when the district court considered Bjorgen's motion to set aside the partial summary judgment. Accordingly, we conclude that those issues are properly before our Court.

We next consider whether or not the district court erred in refusing to grant Bjorgen's motion to set aside the partial summary judgment.

"2. The present motion made pursuant to rule 60(b) N.D.R.Civ.P. has not been made within the time specified by the rule, nor has the present motion been brought 'within a reasonable time' by the defendant.

"3. Defendant seeks to use the present motion as a substitute for an appeal which was not made by defendant within the time specified by Rule 4 N.D.R.App.P. and, accordingly, the present motion is an impermissible collateral attack of a valid judgment.

"4. To the extent that defendant felt that Section 32–19–07 N.D.C.C. was a defense to plaintiff's complaint, this was a defense that defendant's counsel should have raised in its answer and amended answer to be tried before the court upon a hearing of the merits of the action and cannot now be raised under Rule 60(b) N.D.R.Civ.P.

■ The first argument made by Bjorgen, and the one most heavily relied upon by Bjorgen, is that the summary judgment should have been set aside as void pursuant to Rule 60(b)(iv), N.D.R.Civ.P. A motion under subdivision (iv), unlike a motion under the other five subdivisions of Rule 60(b), is not left to the court's discretion. *State Bank of Burleigh County Trust v. Patten,* 357 N.W.2d 239, 242 (N.D.1984); *State v. Red Arrow Towbar Sales Co.,* 298 N.W.2d 514, 516 (N.D.1980). The court's task is purely to determine the validity of the judgment. *Red Arrow,* 298 N.W.2d at 516. If the judgment is valid, the subdivision (iv) motion must be denied, but if the judgment is void, the court has no discretion to protect it. *Patten,* 357 N.W.2d at 242; *Red Arrow,* 298 N.W.2d at 516. The question which must be resolved, therefore, is whether or not the summary judgment issued by the district court was void as a matter of law.

Bjorgen argues that the judgment is void because the district court lacked subject matter jurisdiction over the claim. Any judgment entered without the requisite jurisdiction over the parties is void. *Red Arrow,* 298 N.W.2d at 516. No issue has been raised over the jurisdiction of the parties. We note at the outset that our Court held, before the enactment of 27–07.-1–17(8), N.D.C.C., expanding the jurisdiction of county courts, that district courts

"5. The decision by the North Dakota Supreme Court in the case captioned *H & F Hogs v. Huwe,* 368 N.W.2d 553 (N.D.1985) and its interpretation of Section 32–19–07 N.D.C.C. is not applicable to the facts of the present case and is therefore not binding precedent for this court to rule in favor of defendant's motion.

"6. Due to the fact that plaintiff has relied upon the decision of the defendant not to appeal the judgment dated May 4, 1984 to the extent that the plaintiff purchased the property at sheriff's sale and has fully satisfied a prior lien against the property in the amount of approximately $212,000.00, and due to the fact that the one year period of redemption granted defendant by law is due to expire on November 27, 1985, defendant is now equitably estopped by the doctrine of laches from bringing its motion dated October 10, 1985 to reopen the May 4, 1984 judgment."

have exclusive original jurisdiction over all actions for foreclosure. *First National Bank of Waseca v. Paulson,* 69 N.D. 512, 288 N.W. 465, 471 (1939).

Article VI, Section 8, of our state constitution provides that "[t]he district court shall have *original jurisdiction of all causes,* except as otherwise provided by law...." *See also,* Section 27–05–06, N.D. C.C. Bjorgen acknowledges this provision of our state constitution but asserts that the following language of 32–19–07 places a limitation on the district court's subject matter jurisdiction:

> "*Except as otherwise provided* in sections 32–19–04 and 32–19–06, *neither before nor after the rendition of a judgment* for the foreclosure of a real estate mortgage or for the cancellation or foreclosure of a land contract made after July 1, 1951, *shall the mortgagee* or vendor, or the successor in interest of either, *be authorized or permitted to bring any action in any court* in this state for the recovery of any part of the debt secured by the mortgage or contract so foreclosed." [Emphasis added.]

We do not believe this statute was intended to put a limitation on the subject matter jurisdiction of the district courts. Instead, the purpose of this statute is to prevent creditors from obtaining deficiency judgments against mortgagors except under statutorily prescribed limitations, and it is the function of the district court to enforce this statute when applicable.

Without deciding whether or not the Bank proceeded in a manner which is permitted by this statute, whether or not a district court properly applies this statute to a particular cause of action does not determine whether or not the district court had subject matter jurisdiction. *Lang v. Basin Elec. Power Co-op.,* 274 N.W.2d 253, 257 (N.D.1979); *Olson v. Cass County,* 253 N.W.2d 179, 183 (N.D.1977). To hold otherwise would be to vest subject matter jurisdiction in a district court subject to divestment upon an erroneous ruling by the court. Without deciding the correct-

ness of Bjorgen's contention concerning the application of 32–19–07, N.D.C.C., we conclude that the district court was not without subject matter jurisdiction and, thus, that the court's decision was not void. Accordingly, the district court did not err in failing to vacate the partial summary judgment under Rule 60(b)(iv), N.D.R.Civ.P.

Bjorgen next argues that the summary judgment should have been set aside by the district court pursuant to Rule 60(b)(vi), N.D.R.Civ.P., which gives the court discretion to set aside a final judgment for "any other reason justifying relief from the operation of the judgment."[7] A motion under subdivision (vi) of Rule 60(b), unlike a motion under subdivision (iv), is left to the sound discretion of the trial court and will not be disturbed on appeal unless the court abused that discretion. *Patten,* 357 N.W.2d at 242; *Red Arrow,* 298 N.W.2d at 516; *In re Estate of Jensen,* 162 N.W.2d 861, 870 (N.D.1968). We must determine, therefore, whether or not the district court abused its discretion in not granting Bjorgen's motion to set aside the judgment pursuant to Rule 60(b)(vi).

An abuse of discretion by the trial court is never assumed and must be affirmatively established. *Dvorak v. Dvorak,* 329 N.W.2d 868, 870 (N.D.1983); *Avco Financial Services v. Schroeder,* 318 N.W.2d 910, 912 (N.D.1982). An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Dvorak,* 329 N.W.2d at 870; *Avco,* 318 N.W.2d at 912. A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment. *Avco, id.; Gajewski v. Bratcher,* 240 N.W.2d 871, 886 (N.D.1976). The moving party must also show more than that the lower court made a "poor" decision, but that it positively abused the discretion it has in administering the rule. *Bender v. Liebelt,* 303 N.W.2d 316, 318 (N.D.1981). We will not overturn that court's decision merely because it is not the one we may

7. Bjorgen refers us to no authority to support this argument.

have made if we were deciding the motion. *Patten,* 357 N.W.2d at 242; *Red Arrow,* 298 N.W.2d at 516.

In addressing Bjorgen's 60(b)(vi) argument, it is helpful to review the decisions of this Court which have found an abuse of discretion on the part of the trial court in refusing to vacate a judgment under Rule 60(b)(vi). While we have affirmed the trial court in the vast majority of cases, we have, on occasion, found an abuse of discretion and reversed the trial court. *See, Galloway v. Galloway,* 281 N.W.2d 804 (N.D. 1979); *Gajewski v. Bratcher,* 240 N.W.2d 871; *Kinsella v. Kinsella,* 181 N.W.2d 764 (N.D.1970); *In re Estate of Jensen,* 162 N.W.2d 861; *In re Braun,* 145 N.W.2d 482 (N.D.1966); *United Accounts, Inc. v. Lantz,* 145 N.W.2d 488 (N.D.1966).

In both *Kinsella v. Kinsella* and *United Accounts v. Lantz,* the moving party was attempting to set aside a default judgment. We have recognized that trial courts should be more lenient in granting motions under Rule 60(b) to vacate default judgments than to vacate judgments in cases which have been tried on their merits. *State v. Red Arrow Towbar Sales Co.,* 298 N.W.2d at 517; *Suburban Sales v. District Court of Ramsey,* 290 N.W.2d 247, 252 (N.D. 1980). This rule supports the policy that decisions on the merits are preferable to adjudications by default. *Red Arrow,* 298 N.W.2d at 517; *Suburban Sales,* 290 N.W.2d at 252. The instant case does not involve a default judgment and thus is clearly distinguishable from the above cited cases.

In *In re Estate of Jensen,* 162 N.W.2d 861, we reversed a trial court ruling denying a motion to vacate a judgment which was entered after a trial on the merits. The moving party in *Jensen* supported his motion to vacate the judgment by arguing that the statute upon which the trial court relied in entering its judgment was contrary to the due process and equal protection clauses of the United States Constitu-

tion. *Jensen,* 162 N.W.2d at 861. We concluded that the trial court abused its discretion in not vacating the judgment so that the constitutional issue could be heard. 162 N.W.2d at 876. The instant case does not involve a constitutional issue and thus is clearly distinguishable from *Jensen.*

In *Galloway v. Galloway,* 281 N.W.2d 804, we reversed a district court order denying a motion to vacate the judgment. The judgment in *Galloway* was entered as a result of a divorce stipulation presented to the trial court at a hearing at which only the husband, an attorney, appeared and testified.[8] In her motion to vacate the judgment, the wife alleged that she was "incompetent to handle her person and her affairs." *Galloway,* 281 N.W.2d at 805. Because the judgment was entered as a result of a contractual stipulation, and because it is essential to the existence of any contract that the parties should be capable of contracting, we reversed the order denying the 60(b)(vi) motion to vacate judgment and remanded the case so that the trial court could more thoroughly scrutinize the settlement agreement before accepting it. Judgment in the instant case was not entered as a result of a stipulation between parties where one party may have been incompetent. These facts clearly distinguish the instant case from *Galloway.*

Finally, in *In re Braun,* 145 N.W.2d 482, we reversed a district court order denying a juvenile's motion to vacate a judgment denying her permission to marry the father of her unborn child. Because of the special facts in *Braun,* we concluded that the interests of justice and the best interests of the minor and the State of North Dakota required the trial court to grant the 60(b)(vi) motion and, in not doing so, the trial court abused its discretion. *Braun,* 145 N.W.2d at 487. We believe the special facts in *Braun* distinguish it from the instant case.

The question now before us is whether or not under the facts of this case the trial

8. "Pursuant to the stipulation, custody of two minor children was awarded to Henry, as well as all of the marital property, except that

Betty received an automobile of her choice, all of her personal effects, and $5,000.00 as alimony." *Galloway,* 281 N.W.2d at 805.

court abused its discretion when it denied Bjorgen's motion to vacate the judgment under 60(b)(vi). When addressing this issue we keep in mind the several relevant factors a district court may consider when exercising its discretion,[9] "bearing always in mind that the principle of finality of judgment serves a most useful purpose for society, the courts, and the litigants—in a word, for all concerned." *Jensen*, 162 N.W.2d at 875, quoting 7 J. Moore, Federal Practice ¶ 60.19, at 225–26 (2d ed. 1955).

 A 60(b)(vi) motion is not to be used in cases where subdivisions (i) to (v) of Rule 60(b) might be employed. *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d at 252; *Hefty v. Aldrich*, 220 N.W.2d 840, 846 (N.D.1974). Rule 60(b)(vi) is mutually exclusive of provisions (i) through (v) of Rule 60(b). *Suburban Sales v. District Court of Ramsey*, 290 N.W.2d at 252; *Hefty*, 220 N.W.2d at 846. Yet 60(b)(vi) can be used where the grounds for vacating a judgment or order are within any of subdivisions (i) to (v), but "something more" or "extraordinary" which justifies relief must be present. *Hefty v. Aldrich*, 220 N.W.2d at 846.

 The crux of Bjorgen's argument in support of his 60(b) motion is that the Bank did not properly adhere to Section 32–19–07, N.D.C.C. However, as we stated in *Jensen*, 162 N.W.2d at 874 when quoting

*Collins v. City of Wichita*, 254 F.2d 837, 839 (10 Cir.1958), "the fact that a court may have made a mistake in the law when entering judgment ... does not justify setting it aside."[10] If Bjorgen objected to the Bank proceeding without first foreclosing the real estate mortgage, he should have indicated such to the trial court. Instead, Bjorgen did not raise the issue of 32–19–07 until making his 60(b) motion 17 months after the judgment was entered. A 60(b) motion is not to be used to relieve a party from free, calculated, and deliberate choices. *Hefty v. Aldrich*, 220 N.W.2d at 846. Bjorgen does not assert that his failure to raise the anti-deficiency statute at the initial trial was anything other than a free, calculated, and deliberate choice. Also, if Bjorgen objected to a ruling of law made by the district court when entering its initial judgment, he should have appealed from that judgment instead of waiting 17 months and using a 60(b) motion. A 60(b) motion is not to be used as a substitute for an appeal. *Hefty*, 220 N.W.2d at 846.[11]

The "something more" which Bjorgen apparently believes justifies relief under Rule 60(b)(vi) is that Bjorgen did not have ten days in which to respond to the amended pleadings as is required by Rule 15, N.D.R.Civ.P. Bjorgen argues that the procedures to amend a complaint provided in

9. The relevant considerations are:
"[T]he general desirability that a final judgment should not be lightly disturbed; the procedure provided by Rule 60(b) is not a substitute for an appeal; the Rule should be liberally construed for the purpose of doing substantial justice; whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time; if relief is sought from a default judgment or a judgment of dismissal where there has been no consideration of the merits, whether in the particular case the interest of deciding cases on the merits outweighs the interest in orderly procedure and in the finality of judgments, and whether there is merit in the defense or claim, as the case may be; if relief is sought from a judgment rendered after a trial on the merits, whether the movant had a fair opportunity to present his claim or defense; whether there are any intervening equities which make it

inequitable to grant relief; and any other factor that is relevant to the justice of the judgment under attack." *Jensen*, 162 N.W.2d at 875, quoting 7 J. Moore, Federal Practice ¶ 60.19, at 225–26 (2d ed. 1985).

10. *See Jensen*, 162 N.W.2d at 874 in which we distinguished *Jensen* from *Collins v. City of Wichita*, 254 F.2d 837. We believe the procedural events in the case at hand more closely resemble that of *Collins* than *Jensen*.

11. We recognize that Bjorgen has different counsel representing him now than he had during the initial proceedings. However, in the absence of extraordinary circumstances, a new or different counsel is not afforded a different position or standing from that of the former counsel. *Kilzer v. Binstock*, 339 N.W.2d 569, 572 (N.D.1983); *Rummel v. Rummel*, 265 N.W.2d 230, 232 (N.D.1978). No extraordinary circumstances have been shown or alleged.

Rule 15, N.D.R.Civ.P., were not properly followed.[12] On January 19, 1984, after the Bank had received Bjorgen's answer to its complaint, the Bank filed a motion requesting of the court "an Order permitting the plaintiff to amend his complaint as in the form annexed." On this same date, the Bank filed an affidavit of mailing stating that the "NOTICE OF MOTION; MOTION TO AMEND COMPLAINT; AMENDED COMPLAINT and PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT" were sent to Mr. F. Leslie Forsgren, who, at the time, was the attorney representing Bjorgen. No response was made to this motion. The court ruled on this motion on April 7, 1984, at which time the court granted the Bank's motion to amend its complaint. Bjorgen was informed of this ruling at the hearing on the Bank's motion for summary judgment held April 9, 1984. The Bank's motion for summary judgment on the amended complaint was granted by the court on April 10, 1984.

Bjorgen apparently is arguing that after the court granted the motion to amend the complaint, the amended complaint should have been served upon Bjorgen, after which Bjorgen should have been given ten days to respond. According to Bjorgen, the court's error deprived him of an opportunity to respond to the amended complaint.

In its motion to amend the complaint the Bank stated that "[t]he purpose of the amendment [was] to add to the original complaint a count alleging the default in breach of the promissory note and security agreement executed by the Defendant." Bjorgen, in his brief resisting the Bank's motion for summary judgment, acknowledged that the notes were overdue. He, in effect, thus admitted the allegations in the amendment to the complaint. Bjorgen also did not object when informed that the court had granted the motion to amend the complaint or when notified that the motion for summary judgment had been granted.

We do not believe the "something more" raised by Bjorgen is sufficient to justify reopening the judgment, especially in light of Bjorgen's failure to seek timely relief from the alleged error. Accordingly, we conclude that Bjorgen has failed to establish that the district court abused its discretion when it denied his 60(b) motion.

For the reasons stated herein, we do not decide the Section 32–19–07, N.D.C.C., issue in this case. It is our view that Bjorgen had a fair opportunity to present his defense but failed to timely do so and that there are now intervening equities that make it inequitable to grant relief.[13]

Affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

12. Rule 15(a), N.D.R.Civ.P., as applicable at the time the district court granted the Bank's motion for summary judgment, provided:

"(a) *Amendments.* A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

13. *See* No. 6 of the district court order dismissing Bjorgen's 60(b) motion quoted in footnote 6.