**ROYAL INDUSTRIES, INC.,**
Plaintiff and Appellee,

v.

**Thomas HAUGEN, a/k/a Tom Haugen,**
Defendant and Appellant,

and

**Great Plains Petroleum, Inc.,**
Defendant.

Civ. No. 870010.

Supreme Court of North Dakota.

July 28, 1987.

Baird & Senn, Dickinson, for plaintiff and appellee; argued by Robert B. Baird.

Freed, Dynes, Reichert & Buresh, Drawer K. Dickinson, for defendant and appellant; argued by Ronald A. Reichert.

GIERKE, Justice.

Thomas Haugen appeals from a district court order denying his motion to set aside a default judgment. We affirm.

Haugen is the president of Great Plains Petroleum, Inc. [Great Plains]. Royal Industries, Inc. [Royal], furnished equipment and supplies to Great Plains. When payment for the goods was not forthcoming, Royal sued Haugen and Great Plains for the amount owing on the account. Al-though all invoices show the purchaser of the goods to be Great Plains, Royal alleged that Great Plains was merely the "alter-ego" of Haugen and that Haugen should therefore be held personally liable on the debt. Great Plains petitioned for bankruptcy five days before it was served with Royal's complaint. Neither Haugen nor Great Plains served an answer to the complaint, and judgment by default was taken against Haugen.[1]

Haugen moved for relief from the judgment pursuant to Rule 60(b), N.D.R.Civ.P. In his affidavit in support of the motion, Haugen stated the following reason for his failure to answer the complaint:

> "When I received the summons and complaint I assumed this collection would be handled in the bankruptcy court. I felt there was no need to answer the complaint since all goods and services were contracted by and delivered to Great Plains Petroleum, Inc., and that the court would not allow a judgment against me personally."

The district court denied Haugen's motion and he has appealed.

Haugen contends that relief is available to him under subdivisions (i), (iii), and (vi) of Rule 60(b), N.D.R.Civ.P.:

> "(b) Mistakes—Inadvertence—Excusable Neglect—Newly Discovered Evidence—Fraud—Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order in any action or proceeding for the following reasons: (i) mistake, inadvertence, surprise, or excusable neglect; ... (iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (vi) any other reason justifying relief from the operation of the judgment."

A motion under those subdivisions of Rule 60(b) is left to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.

---

1. Although the trial court's order for judgment designated that judgment was to be entered against Haugen alone, the judgment was initially entered against Haugen and Great Plains. This clerical error was subsequently discovered and an amended judgment was entered against Haugen only.

*First National Bank of Crosby v. Bjorgen*, 389 N.W.2d 789, 794 (N.D.1986); *State v. Red Arrow Towbar Sales Co.*, 298 N.W.2d 514, 516 (N.D.1980). In *First National Bank of Crosby v. Bjorgen, supra,* we discussed the heavy burden borne by a party seeking to disturb the finality of a judgment under Rule 60(b):

"An abuse of discretion by the trial court is never assumed and must be affirmatively established. *Dvorak v. Dvorak*, 329 N.W.2d 868, 870 (N.D.1983); *Avco Financial Services v. Schroeder*, 318 N.W.2d 910, 912 (N.D.1982). An abuse of discretion is defined as an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *Dvorak*, 329 N.W.2d at 870; *Avco*, 318 N.W.2d at 912. A movant for relief under Rule 60(b) has a burden of establishing sufficient grounds for disturbing the finality of the judgment. *Avco, id.; Gajewski v. Bratcher*, 240 N.W.2d 871, 886 (N.D.1976). The moving party must also show more than that the lower court made a 'poor' decision, but that it positively abused the discretion it has in administering the rule. *Bender v. Liebelt*, 303 N.W.2d 316, 318 (N.D.1981). We will not overturn that court's decision merely because it is not the one we may have made if we were deciding the motion. [*State Bank of Burleigh County Trust v.*] *Patten*, 357 N.W.2d [239] at 242 [(N.D.1984)]; *Red Arrow*, 298 N.W.2d at 516." 389 N.W.2d at 794–795.

Haugen attempts to meet his burden by claiming that he "assumed" that the matter would be disposed of in bankruptcy court and that he "felt" that the court would not allow judgment to be entered against him. The trial court was well within its discretion in determining that these excuses did not satisfy the requirements of Rule 60(b), N.D.R.Civ.P. "A simple disregard of legal process is, of course, not excusable neglect under the rule." *Bender v. Liebelt*, 303 N.W.2d 316, 318 (N.D.1981).

In *Greenwood v. American Family Insurance Co.*, 398 N.W.2d 108 (N.D.1986), we upheld a trial court's denial of a Rule 60(b) motion under very similar circumstances. In *Greenwood*, the individual plaintiffs were officers of Dakminn, which was in bankruptcy. They claimed that they were informed by counsel that all proceedings in state court would be stayed by the bankruptcy proceeding, and that they therefore did not appear at a summary judgment hearing. After summary judgment was granted against them, they sought to reopen the judgment by a 60(b) motion. The trial court denied the motion, and we affirmed on appeal.

The plaintiffs in *Greenwood, supra,* presented more persuasive reasons for vacating the judgment than has Haugen in this case: they had been advised by counsel that the bankruptcy of the corporation would stay all proceedings in state court. Haugen, an experienced businessman, did not seek advice of counsel even though the complaint very clearly sought judgment against him individually. In effect, Haugen completely disregarded service of process, without seeking legal advice, based upon a mere assumption that the matter would be handled in bankruptcy court and that the court would not allow entry of judgment against him personally. We conclude that the trial court did not abuse its discretion in denying the motion.

The order denying the motion for relief from the judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.